# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **ROYAL MFG CO, L.P.**, an Oklahoma limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>**IXL PREMIUM LUBRICANTS**, a Utah corporation; et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>**Case No. 1:16-cv-00050-PMW** |
| **IXL PREMIUM LUBRICANTS**, a Utah corporation; et al.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>**ROYAL MFG CO, L.P.**, an Oklahoma limited partnership,<br><br>Counterclaim Defendant. | **Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the

---
[1] *See* docket no. 19.

court is Royal Mfg Co, L.P.'s ("Plaintiff") motion to strike pleadings and enter default judgment.[2]

## **RELEVANT BACKGROUND**

Defendant Mont Ashworth ("Mr. Ashworth") is a named defendant in this case and is, or was at the time of the agreement that is the subject of the dispute in this case, the treasurer of Defendant IXL Premium Lubricants, Inc. ("IXL"). In its initial disclosures, Plaintiff listed Mr. Ashworth as a potential witness.

Sometime in early 2017, Plaintiff scheduled the deposition of Mr. Ashworth to occur on March 29, 2017. Mr. Ashworth failed to appear for his deposition on that date and gave no prior notice to Plaintiff. Plaintiff then rescheduled Mr. Ashworth's deposition to occur on May 18, 2017. At some point after the deposition was rescheduled, Mr. Ashworth's counsel notified Plaintiff's counsel that he had not been in contact with Mr. Ashworth regarding his appearance at the rescheduled deposition. Consequently, Plaintiff cancelled Mr. Ashworth's rescheduled deposition.

On May 18, 2017, Plaintiff filed a motion to compel the deposition of Mr. Ashworth.[3] On June 30, 2017, the court issued an order ("June 30 Order") requiring IXL and Mr. Ashworth to provide Plaintiff with a mutually agreeable date and time for Mr. Ashworth's deposition.[4] The court further ordered that said deposition was required to take place within thirty (30) days after

---

[2] *See* docket no. 50.

[3] *See* docket no. 25.

[4] *See* docket no. 32.

the date of the June 30 Order. IXL and Mr. Ashworth failed to make Mr. Ashworth available for a deposition within the time frame ordered by the court.

On September 19, 2017, Plaintiff filed a motion for order to show cause seeking an order requiring IXL and Mr. Ashworth to appear before the court to explain their failure to produce Mr. Ashworth for a deposition as ordered by the court.[5] In response to Plaintiff's motion, IXL and Mr. Ashworth contended that (1) Mr. Ashworth "confused the prior two deposition dates and so missed them"; (2) IXL and Mr. Ashworth had been attempting to set another date for Mont Ashworth's deposition, "but he is retired and absent a great deal," "has no further contact with" the entities named as defendants in this case, and those entities "have no control over his coming and going"; (3) IXL and Mr. Ashworth would "continue to seek a new deposition date for [Mr.] Ashworth"; (4) "[Mr.] Ashworth has little testimony to provide beyond acknowledging that he signed the documents that have been made exhibits at prior depositions"; and (5) "Plaintiff has not been prejudiced in any significant way by [Mr.] Ashworth's absence."[6]

On December 15, 2017, the court issued an order ("December 15 Order") granting in part and denying in part Plaintiff's motion for an order to show cause.[7] In the December 15 Order, the court concluded that IXL and Mr. Ashworth had advanced entirely frivolous arguments in opposition to Plaintiff's motion for an order to show cause and that those arguments provided no legitimate basis for IXL and Mr. Ashworth's failure to produce Mr. Ashworth for a deposition as required by the June 30 Order. The court also concluded that IXL and Mr. Ashworth's arguments

---

[5] *See* docket no. 41.

[6] Docket no. 43 at 1-2.

[7] *See* docket no. 46.

3

did nothing more than demonstrate their total disregard for the June 30 Order. Accordingly, the court granted all of Plaintiff's requested relief, with one exception. The court did not order IXL and Mr. Ashworth to appear before the court to explain their failure to comply with the June 30 Order. However, the court awarded Plaintiff its reasonable expenses, including attorney fees, incurred in connection with Mr. Ashworth's failure to appear at his two scheduled depositions and with the motion for an order to show cause. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."); Fed. R. Civ. P. 37(b)(2)(C) (providing that in the event of a failure to obey an order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). In reaching the determination that such an award was appropriate, the court concluded that, for the reasons set forth above concerning IXL and Mr. Ashworth's arguments, IXL and Mr. Ashworth's failure to comply with the June 30 Order was not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C). The court further concluded that there were not circumstances that would make such an award unjust. *See id.*

Based upon those conclusions, the court ordered Plaintiff to, within fourteen (14) days after the December 15 Order, file an affidavit or declaration detailing the reasonable expenses, including attorney fees, that it incurred in connection with Mr. Ashworth's failure to appear at his two scheduled depositions and with the motion for an order to show cause. The court further provided IXL and Mr. Ashworth with an opportunity to, within fourteen (14) days after the filing date of Plaintiff's affidavit or declaration, file a response to raise any objections to the amount of

the award sought by Plaintiff. The court indicated that after receiving those filings, it would make a determination of the amount of the award to Plaintiff. The court also ordered IXL and Mr. Ashworth to make Mr. Ashworth available for a deposition within thirty (30) days after the date the December 15 Order. Finally, the court notified IXL and Mr. Ashworth that their failure to comply with the December 15 Order may subject them to further sanctions, including, but not limited to, entry of default judgment. *See* Fed.R. Civ. P. 37(b)(2)(A)(i)-(vii) (providing the "further just orders" a court may issue in the event that a party fails to obey a discovery order, including entry of default judgment against the disobedient party).

Thereafter, Plaintiff attempted to schedule the deposition of Mr. Ashworth. Although IXL and Mr. Ashworth contend that they notified Plaintiff that Mr. Ashworth was "generally available for a deposition from late January through the end of February,"[8] it does not appear that IXL and Mr. Ashworth have made Mr. Ashworth available for a deposition within the time frame ordered by the court in the December 15 Order.

On December 29, 2017, Plaintiff filed its affidavit of reasonable expenses.[9] IXL and Mr. Ashworth did not file any response within the time frame allowed by the court. Accordingly, on January 24, 2018, the court issued an order ("January 24 Order") concluding that the amount of the award sought by Plaintiff was reasonable and awarding Plaintiff $5,987.50 in reasonable expenses, including attorney fees.[10] IXL and Mr. Ashworth were ordered to make payment of

---

[8] Docket no. 51.

[9] *See* docket no. 47.

[10] *See* docket no. 49.

that award to Plaintiff within fourteen (14) days after the date of the January 24 Order and file proof of payment with the court.

According to Plaintiff, as of February 16, 2018, the filing date of its motion to strike pleadings and enter default judgment, IXL and Mr. Ashworth had not made payment of the award ordered by the court. Furthermore, as of the date of this order, IXL and Mr. Ashworth have not filed with the court any proof of payment of the award.

## **LEGAL STANDARDS**

As noted above, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) also provides that the "further just orders" a court may issue in the event of such a failure include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Rule 37(b)(2)(C) further provides that in the event of such a failure, "[i]nstead of or in addition to" the further just orders outlined in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"[C]ourts have broad inherent power to sanction misconduct and abuse of the judicial process, which includes the power to enter a default judgment." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (quotations and citations omitted). "Default judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad

faith, or any fault of the disobedient party rather than inability to comply." *Id*. at 1147-48 (quotations and citation omitted). To determine whether entry of default judgment is an appropriate sanction for failure to comply with a discovery order, the court applies the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Those factors are: (1) the degree of actual prejudice to the non-offending party, (2) the amount of interference with the judicial process, (3) the culpability of the disobedient party, (4) whether the court warned the disobedient party in advance that default judgment would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See id*.; *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) (applying *Ehrenhaus* factors in considering whether the sanction of default judgment was appropriate). The Tenth Circuit reviews a "district court's decision to enter default judgment as a sanction for abuse of discretion." *Harper*, 777 F.3d at 1148.

## ANALYSIS

As an initial matter, the court notes that Plaintiff seeks an order striking the pleadings of all named Defendants in this case and entering default judgment against them. However, as demonstrated above, the June 30 Order, the December 15 Order, and the January 24 Order were directed at only IXL and Mr. Ashworth. Therefore, any named Defendants other than IXL and Mr. Ashworth could not be considered to have violated those orders. Accordingly, the court will consider only whether the pleadings of IXL and Mr. Ashworth should be stricken and whether default judgment should be entered against them. The court turns to addressing the *Ehrenhaus* factors as they apply to this case.

## I. Degree of Actual Prejudice

Based on IXL and Mr. Ashworth's failures described above, Plaintiff has been significantly hindered in prosecuting its case. Additionally, those failures have unnecessarily extended this case for many months. Furthermore, Plaintiff has expended unnecessary time and expense in its multiple attempts to depose Mr. Ashworth, seeking court orders requiring that deposition to take place, and seeking court orders for sanctions. For those reasons, the court concludes that Plaintiff has suffered a significant amount of actual prejudice.

## II. Amount of Interference with Judicial Process

IXL and Mr. Ashworth's actions, including their repeated failures to comply with and respond to court orders, have caused significant delays in this case, required the court to expend unnecessary resources, and hindered the court's management of its docket. The court concludes that those actions have substantially interfered with the judicial process.

## III. Culpability

IXL and Mr. Ashworth have failed to make any showing that they are not completely responsible for their actions in this case. IXL and Mr. Ashworth have not provided any justifiable excuse or explanation for failing to produce Mr. Ashworth for a deposition, as ordered by the court, or for failing to comply with this court's orders. Accordingly, the court has determined that IXL and Mr. Ashworth are fully culpable for their actions.

## IV. Advance Warning

As noted above, in the December 15 Order, the court specifically warned IXL and Mr. Ashworth that their failure to comply with the December 15 Order may subject them to further sanctions, including, but not limited to, entry of default judgment. Nevertheless, IXL and Mr.

Ashworth did not comply with the December 15 Order requiring them to produce Mr. Ashworth for a deposition within thirty (30) days after the date of that order. IXL and Mr. Ashworth then continued their pattern of ignoring the court's orders by failing to comply with the directives in the December 15 Order and January 24 Order to pay the reasonable expenses award to Plaintiff and file proof of payment with the court. The court concludes that the warning in the December 15 Order was adequate to put IXL and Mr. Ashworth on notice that their continued failure to comply with court orders could subject them to entry of default judgment.

### V. Efficacy of Lesser Sanctions

As detailed above, the court has already imposed an award of reasonable expenses against IXL and Mr. Ashworth by way of the December 15 Order and the January 24 Order. IXL and Mr. Ashworth have failed to pay that award or provide any explanation for their failure to do so. Based on their clear pattern of ignoring court orders detailed above, the court does not believe that any lesser sanctions than entry of default judgment would have any efficacy in this case.

### CONCLUSION AND ORDER

Based on consideration of the *Ehrenhaus* factors, the court concludes that IXL and Mr. Ashworth's pleadings should be stricken and default judgment should be entered against them. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to strike pleadings and enter default judgment[11] is GRANTED IN PART and DENIED IN PART. Plaintiff's motion is granted with respect to IXL and Mr. Ashworth, but is denied with respect to any other named Defendants.

---

[11] *See* docket no. 50.

2. The pleadings of both IXL and Mr. Ashworth are STRICKEN.

3. The Clerk of the Court is instructed to enter certificates of default against IXL and Mr. Ashworth. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff has thirty (30) days from the date of this order to submit an affidavit showing the amount due, if the amount sought is for a sum certain or a sum that can be made by computation. In the amount due, Plaintiff may include any reasonable expenses, including attorney fees, incurred in connection with Mr. Ashworth's failure to appear at any scheduled depositions and with any related motions. Those reasonable expenses may include any portion of the sanction imposed by the December 15 Order and January 24 Order that remains unpaid. Otherwise, Plaintiff may request a hearing to determine the amount of damages.

IT IS SO ORDERED.

DATED this 20th day of April, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge