# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| ROYAL MFG CO, L.P., an Oklahoma limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>IXL PREMIUM LUBRICANTS, INC., a Utah corporation; et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br><br><br>**Case No. 1:16-cv-00050-PMW** |
| IXL PREMIUM LUBRICANTS, INC., a Utah corporation; et al.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>ROYAL MFG CO, L.P., an Oklahoma limited partnership,<br><br>Counterclaim Defendant. | **Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the

---

[1] *See* docket no. 19.

court is Plaintiff Royal Mfg Co, L.P.'s ("Plaintiff") motion for entry of default judgment against Defendants IXL Premium Lubricants, Inc. ("IXL") and Mont Ashworth ("Mr. Ashworth").[2]

**RELEVANT BACKGROUND**

Mr. Ashworth is a named defendant in this case and is, or was at the time of the agreement that is the subject of the dispute in this case, the treasurer of IXL. In its initial disclosures, Plaintiff listed Mr. Ashworth as a potential witness.

Sometime in early 2017, Plaintiff scheduled the deposition of Mr. Ashworth to occur on March 29, 2017. Mr. Ashworth failed to appear for his deposition on that date and gave no prior notice to Plaintiff. Plaintiff then rescheduled Mr. Ashworth's deposition to occur on May 18, 2017. At some point after the deposition was rescheduled, Mr. Ashworth's counsel notified Plaintiff's counsel that he had not been in contact with Mr. Ashworth regarding his appearance at the rescheduled deposition. Consequently, Plaintiff cancelled Mr. Ashworth's rescheduled deposition.

On May 18, 2017, Plaintiff filed a motion to compel the deposition of Mr. Ashworth.[3] On June 30, 2017, the court issued an order ("June 30 Order") requiring IXL and Mr. Ashworth to provide Plaintiff with a mutually agreeable date and time for Mr. Ashworth's deposition.[4] The court further ordered that said deposition was required to take place within thirty (30) days after the date of the June 30 Order. IXL and Mr. Ashworth failed to make Mr. Ashworth available for a deposition within the time frame ordered by the court.

---

[2] *See* docket no. 58.

[3] *See* docket no. 25.

[4] *See* docket no. 32.

On September 19, 2017, Plaintiff filed a motion for order to show cause seeking an order requiring IXL and Mr. Ashworth to appear before the court to explain their failure to produce Mr. Ashworth for a deposition as ordered by the court.[5] In response to Plaintiff's motion, IXL and Mr. Ashworth contended that (1) Mr. Ashworth "confused the prior two deposition dates and so missed them"; (2) IXL and Mr. Ashworth had been attempting to set another date for Mont Ashworth's deposition, "but he is retired and absent a great deal," "has no further contact with" the entities named as defendants in this case, and those entities "have no control over his coming and going"; (3) IXL and Mr. Ashworth would "continue to seek a new deposition date for [Mr.] Ashworth"; (4) "[Mr.] Ashworth has little testimony to provide beyond acknowledging that he signed the documents that have been made exhibits at prior depositions"; and (5) "Plaintiff has not been prejudiced in any significant way by [Mr.] Ashworth's absence."[6]

On December 15, 2017, the court issued an order ("December 15 Order") granting in part and denying in part Plaintiff's motion for an order to show cause.[7] In the December 15 Order, the court concluded that IXL and Mr. Ashworth had advanced entirely frivolous arguments in opposition to Plaintiff's motion for an order to show cause and that those arguments provided no legitimate basis for IXL and Mr. Ashworth's failure to produce Mr. Ashworth for a deposition as required by the June 30 Order. The court also concluded that IXL and Mr. Ashworth's arguments did nothing more than demonstrate their total disregard for the June 30 Order. Accordingly, the court granted all of Plaintiff's requested relief, with one exception. The court did not order IXL

---

[5] *See* docket no. 41.

[6] Docket no. 43 at 1-2.

[7] *See* docket no. 46.

3

and Mr. Ashworth to appear before the court to explain their failure to comply with the June 30 Order. However, the court awarded Plaintiff its reasonable expenses, including attorney fees, incurred in connection with Mr. Ashworth's failure to appear at his two scheduled depositions and with the motion for an order to show cause. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders."); Fed. R. Civ. P. 37(b)(2)(C) (providing that in the event of a failure to obey an order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). In reaching the determination that such an award was appropriate, the court concluded that, for the reasons set forth above concerning IXL and Mr. Ashworth's arguments, IXL and Mr. Ashworth's failure to comply with the June 30 Order was not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C). The court further concluded that there were not circumstances that would make such an award unjust. *See id.*

Based upon those conclusions, the court ordered Plaintiff to, within fourteen (14) days after the December 15 Order, file an affidavit or declaration detailing the reasonable expenses, including attorney fees, that it incurred in connection with Mr. Ashworth's failure to appear at his two scheduled depositions and with the motion for an order to show cause. The court further provided IXL and Mr. Ashworth with an opportunity to, within fourteen (14) days after the filing date of Plaintiff's affidavit or declaration, file a response to raise any objections to the amount of the award sought by Plaintiff. The court indicated that after receiving those filings, it would make a determination of the amount of the award to Plaintiff. The court also ordered IXL and

Mr. Ashworth to make Mr. Ashworth available for a deposition within thirty (30) days after the date the December 15 Order. Finally, the court notified IXL and Mr. Ashworth that their failure to comply with the December 15 Order may subject them to further sanctions, including, but not limited to, entry of default judgment. *See* Fed.R. Civ. P. 37(b)(2)(A)(i)-(vii) (providing the "further just orders" a court may issue in the event that a party fails to obey a discovery order, including entry of default judgment against the disobedient party).

Thereafter, Plaintiff attempted to schedule the deposition of Mr. Ashworth. Although IXL and Mr. Ashworth contend that they notified Plaintiff that Mr. Ashworth was "generally available for a deposition from late January through the end of February,"[8] it does not appear that IXL and Mr. Ashworth have made Mr. Ashworth available for a deposition within the time frame ordered by the court in the December 15 Order.

On December 29, 2017, Plaintiff filed its affidavit of reasonable expenses.[9] IXL and Mr. Ashworth did not file any response within the time frame allowed by the court. Accordingly, on January 24, 2018, the court issued an order ("January 24 Order") concluding that the amount of the award sought by Plaintiff was reasonable and awarding Plaintiff $5,987.50 in reasonable expenses, including attorney fees.[10] IXL and Mr. Ashworth were ordered to make payment of that award to Plaintiff within fourteen (14) days after the date of the January 24 Order and file proof of payment with the court.

---

[8] Docket no. 51.

[9] *See* docket no. 47.

[10] *See* docket no. 49.

On February 16, 2018, Plaintiff filed a motion to strike pleadings and enter default judgment.[11] According to Plaintiff, as of February 16, 2018, IXL and Mr. Ashworth had not made payment of the award ordered by the court. Furthermore, as of the date of this order, IXL and Mr. Ashworth have not filed with the court any proof of payment of the award.

On April 20, 2018, the court issued an order ("April 20 Order") granting in part and denying in part Plaintiff's motion to strike pleadings and enter default judgment.[12] In the April 20 Order, after considering the relevant legal standards, the court concluded that IXL and Mr. Ashworth's pleadings should be stricken, and default judgment should be entered against them. Accordingly, the court struck the pleadings of both IXL and Mr. Ashworth. The court also instructed the Clerk of the Court to enter certificates of default against IXL and Mr. Ashworth. The court further ordered that, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff had thirty (30) days from the date of the April 20 Order to submit an affidavit showing the amount due, if the amount sought is for a sum certain or a sum that can be made by computation. The court specifically determined that, in the amount due, Plaintiff could include any reasonable expenses, including attorney fees, incurred in connection with Mr. Ashworth's failure to appear at any scheduled depositions and with any related motions. The court further ordered that those reasonable expenses could include any portion of the sanction imposed by the December 15 Order and January 24 Order that remained unpaid.

---

[11] *See* docket no. 50.

[12] *See* docket no. 53.

On April 23, 2018, the Clerk of the Court entered a default certificate against IXL and Mr. Ashworth.[13] On May 17, 2018, Plaintiff's counsel filed an affidavit showing the amount due to Plaintiff as of May 10, 2018, which is $162,119.43, inclusive of damages, attorney fees, and costs.[14] On August 31, 2018, Plaintiff filed the motion for entry of default judgment currently before the court.[15] In its motion, Plaintiff seeks entry of default judgment against IXL and Mr. Ashworth for the amount referenced above. Importantly, IXL and Mr. Ashworth have not responded to Plaintiff's motion.

## LEGAL STANDARDS

Pursuant to Rule 55(b)(2), a party "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). After receiving a motion for default judgment, the court may hold a hearing to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, the court may enter a default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

## ANALYSIS

Plaintiff has, as required by Rule 55(b)(2), filed a motion for entry of default judgment. In the April 20 Order, the court considered the relevant legal standards, struck the pleadings of IXL and Mr. Ashworth, and concluded that default judgment should be entered against them. Consistent with the court's direction in the April 20 Order, Plaintiff's counsel has filed an

---

[13] *See* docket no. 54.

[14] *See* docket no. 55.

[15] *See* docket no. 58.

affidavit showing the amount due to Plaintiff of $162,119.43, inclusive of damages, attorney fees, and costs. After reviewing Plaintiff's affidavit, the court concludes that a hearing is not needed to determine damages because the amount sought by Plaintiff is "one capable of mathematical calculation." *Id*.

For those reasons, Plaintiff's motion for entry of default judgment against IXL and Mr. Ashworth[16] is GRANTED. After entry of this order, the court will enter judgment in favor of Plaintiff and against IXL and Mr. Ashworth in the total amount of $162,119.43.

IT IS SO ORDERED.

DATED this 10th day of October, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[16] *See id*.